No. 8459.

### Green v. Weever.

DECEDENTS' ESTATES.— *Widow.*—*Liability for Expenses of Funeral and Last Sickness.*—If a widow accepts or procures the entire estate to be delivered to her as being worth less than $500, she becomes liable for the reasonable expenses of the funeral and last sickness of her deceased husband.

From the Posey Circuit Court.

*E. M. Spencer*, for appellant.
*W. P. Edson*, for appellee.

WOODS, J.—The appellant procured an order of the proper court, setting off to her, as widow, the entire estate of her deceased husband as worth less than $500; thereupon the appellee sued her for the value of his services as a physician to the deceased during his last illness.

The court overruled a demurrer to the complaint, and, upon a trial had, found for the plaintiff, and gave judgment accordingly.

The ruling upon the demurrer is assigned for error. The

single question discussed by counsel is, whether, in such case,. the widow takes the estate free from all demands of creditors,. or is liable to " be sued for reasonable funeral expenses of the deceased, and expenses of his last sickness."

The latter would seem to be the rule.

By the 19th and 20th sections of the law of descent, approved May 14th, 1852, it was contemplated that the widow should have the estate to the amount of $300, "free from all demands of creditors," irrespective of the mode in which the amount should be set off to her; but by the 136th section of the act concerning the settlement of decedents' estates, approved June 17th, 1852, 2 R. S. 1876, p. 542, it was provided, that upon obtaining possession of the entire estate, by order of the court, " such widow shall not be liable for any of the decedent's debts, except mortgages of real estate, but she may pay and may be sued for reasonable funeral expenses of the deceased; and expenses of his last sickness."

This being the later expression of the legislative will, was, so far, a modification of the law of descent. Sections 133 and 134 of the last named act were so amended by the act of February 24th, 1869, Acts 1869, p. 32, as that estates not exceeding $500 might, by the order of the court, be delivered. into the possession of the widow, but no amendment or repeal of the 136th section seems to have been attempted, and we are not able to perceive any legal ground on which it may be said that the provisions of that section are not in force or do not. apply to the case before us.

It is true that, under section 43 of the last named act, a widow might have selected from the inventory of her husband's estate goods or money to the amount of $300, and under that section, as amended by the act of February 8th, 1871, Acts 1871, p. 46, she may still select from the inventory to the amount of $500, or have that sum paid to her out of. the first moneys received by the executor or administrator, and for any deficit may enforce a lien against the real estate, and hold the property or money so received free from all demands of

creditors; and yet it seems to be the explicit rule of the statute, that if she procures the estate to be delivered to her, or accepts it, under sections 133 to 136, inclusive, she becomes liable for reasonable funeral expenses, and for the expenses of the last sickness.

There may be, as it is claimed there is, no consistency in the provisions of the law in this respect, but the letter of the law is too explicit to admit of interpretation, and the remedy, if any is to be had, must come from the Legislature.

Judgment affirmed, with costs.